UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN BEER DISTRIBUTING CO., INC.,

                         Plaintiff,                        **ANSWER**

    -against-                                    07-CV-8397 (WHP)

SHELTON BROTHERS, INC.,

                         Defendants.

---

Defendant Shelton Brothers, Inc. answers the Complaint as follows:

### THE PARTIES

1.    Defendant denies having sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 1.

2.    Defendant denies having sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 2.

3.    Defendant admits the allegations contained in Paragraph 3.

### JURISDICTION AND VENUE

4.    The statements contained in Paragraph 4 are legal conclusions to which no response is required, but Defendant denies that the amount in controversy exceeds $75,000.

5.    The statements contained in Paragraph 5 are legal conclusions to which no response is required.

### PLAINTIFF'S DISTRIBUTION RIGHTS

6.    Defendant admits that American Beer Distributing Co., Inc. ("ABD") and Shelton had a commercial relationship whereby ABD purchased beers from Shelton in the State of New

Jersey, which ABD distributed in the City of New York, and otherwise denies the allegations contained in Paragraph 6.

7.  Defendant denies the allegations contained in Paragraph 7.

8.  Denies having sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 8.

**SECTION 55-C OF THE NEW YORK ALCOHOLIC BEVERAGE CONTROL LAW**

9.  The statement contained in Paragraph 9 is a conclusion of law to which no response is required.

10. The statement contained in Paragraph 10 is a conclusion of law to which no response is required.

11. The statement contained in Paragraph 11 is a conclusion of law to which no response is required.

12. The statement contained in Paragraph 12 is a conclusion of law to which no response is required.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. The statement contained in Paragraph 15 is a conclusion of law to which no response is required.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

**THE DISPUTE**

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant admits that Shelton is no longer accepting orders for the purchase of Shelton products from ABD.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief)

20. Defendant repeats its responses in Paragraphs 1-19 as if fully set forth herein.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant admits that ABD has failed to make payments that were due and owing to Shelton in a timely manner and otherwise denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

### SECOND CLAIM FOR RELIEF
(Permanent Injunction)

30. Defendant repeats its responses in Paragraphs 1-29 as if fully set forth herein.

31. The statements contained in Paragraph 31 are legal conclusions to which no response in required.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

3

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

### THIRD CLAIM FOR RELIEF
**Mandatory Injunction**

38. Defendant repeats its responses in Paragraphs 1-37 as if fully set forth herein.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. Plaintiff's requests for injunctive relief are barred by the doctrine of laches.

### AS AND FOR A FIRST COUNTERCLAIM

43. Defendant delivered Shelton Products from September 2004 to July 2007 to Plaintiff for which ABD has failed to make timely payment. Pursuant to the express terms of the invoices provided by Defendant to Plaintiff, interest owing at 18% per annum is due on any past due invoices. By virtue of same, Plaintiff owes Defendant $27,172.18 in past due interest.

**WHEREFORE**, Defendant respectfully requests that this Court

1. Dismiss the Complaint in its entirety;

2. Grant judgment on Defendant's Counterclaim in the amount of $27,172,18, plus attorneys fees, interest and costs; and

3. Grant such other and further relief as is just and proper.

4

Dated: October 31, 2007
     Albany, New York        BOIES, SCHILLER & FLEXNER LLP

By: _____/s/ George F. Carpinello_____
George F. Carpinello (GC4229)
10 North Pearl Street, 4th Floor
Albany, NY 12207
Ph: 518-434-0600

*Attorneys for Defendant Shelton Brothers, Inc.*

S:\wpdata\7482002\Answer.doc